

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: December 04, 2020.**

_____
**CRAIG A. GARGOTTA**
**UNITED STATES BANKRUPTCY JUDGE**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 19-50339-cag |
| | § | |
| DONNA SHUTE PROVENCHER, | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |

| | | |
|---|---|---|
| JOSEPH MAZZARA, | § | |
| | § | |
| Plaintiff. | § | |
| | § | ADVERSARY NO. 19-05026-cag |
| v. | § | |
| | § | |
| DONNA SHUTE PROVENCHER, | § | |
| | § | |
| Defendant. | § | |

### ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(A)(6) (ECF NO. 42)

Came on for consideration the above-numbered adversary proceeding and, in particular, Plaintiff's Motion for Summary Judgment on First Amended Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6) (ECF No. 42) ("Plaintiff's MSJ") and

1

Donna Shute Provencher's ("Provencher" or "Defendant") Response to Plaintiff's Motion for Summary Judgment (ECF No. 50)[1] ("Response"). The Court took Plaintiff's MSJ under advisement without the necessity of a hearing. After considering the pleadings and arguments contained therein, the Court finds Plaintiff's MSJ should be granted in part and denied in part.

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 (a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) because it involves determinations as to the dischargeability of particular debts. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is referred to the Court pursuant to the District Court's Standing Order of Reference.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 27, 2018, Joseph Mazzara ("Mazzara") filed a Warrant in Debt that initiated a lawsuit[2] against debtor Donna Shute Provencher ("Debtor" or "Provencher") in the Chesterfield General District Court, 12th Judicial District of Virginia (the "Virginia Lawsuit"). In the Virginia Lawsuit, Mazzara sought $25,000 in compensatory and punitive damages against Provencher for a defamation claim. Mazzara alleged Provencher posted a message on the Christendom College Alumni Facebook page that "[accused] Mazzara of sexual assault and/or rape and having been accused of and investigated for sexual assault and/or rape" while Mazzara was a student at Christendom College. (ECF No. 37-1). Mazzara claimed that Provencher's allegations were false, and that Provencher had no personal knowledge or factual foundation for the accusations. (ECF No. 37-1, ¶ 27). Mazzara contended that Provencher "published the factually false statements with malice; actual and/or legal"; that the statements were published "with the intent that they carry . . . false, defamatory innuendo"; and "such defamatory publications were intentional, willful,

---

[1] All references to ECF numbers shall refer to documents filed in this Adversary Proceeding unless otherwise noted.
[2] The lawsuit is styled *Joseph Mazzara, Plaintiff v. Donna Provencher, Defendant* and was assigned case number GV18005269-00.

wanton, and/or reckless." (ECF No, 37-1, ¶¶ 28, 34, 35, 37). On July 20, 2018, Provencher filed her Grounds of Defense, thereby appearing in the Virginia Lawsuit. (ECF No. 42, ¶ 7). Subsequently, Provencher filed two motions seeking dismissal of the Virginia Lawsuit that were denied. (*Id*.). Trial was scheduled in the Virginia Lawsuit for March 7, 2019.

On February 15, 2019, Debtor filed for chapter 7 bankruptcy in this Court. On May 23, 2019, Mazzara initiated this Adversary Proceeding by filing the Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6) (ECF No. 1) ("Complaint"). On May 24, 2019, Mazzara filed his Motion to Lift the Automatic Stay to Allow Lawsuit to Proceed ("Lift Stay Motion"). (Case No. 19-50339, ECF No. 10). On June 17, 2019, the Court held a hearing on the Lift Stay Motion. After receiving testimony from Mazzara[3] and Provencher—both of whom were present at the Lift Stay Motion hearing—the Court lifted the automatic stay and informed the parties that they would need to litigate the defamation claim in the Virginia state court. (Case No. 19-50339, ECF Nos. 34, 38). The Court abated this Adversary Proceeding until the Virginia Lawsuit concluded in state court. (ECF No. 13).

When litigation in the Virginia Lawsuit resumed, Mazzara filed a Motion to Compel Discovery against Provencher. (ECF No. 42-1, Exh. A). On September 30, 2019, a hearing was held on the Motion to Compel Discovery at the Chesterfield County General District Court. (*Id*.). At that hearing, Provencher stipulated to liability and agreed to entry of judgment in favor of Mazzara for the full amount of the damages claimed. (*Id*. at ¶ 12). Thereafter, on September 30, 2019, the Chesterfield County General District Court entered judgment against Provencher for defamation and defamation per se in the amount of $25,000.00 with 6% interest and $104 in costs ("Judgment"). (*Id*.). The amount of the Judgment was written on the Warrant in Debt coversheet,

---

[3] Mazzara's proffered testimony indicated that Virginia Lawsuit was ready to go to trial and that all eight of Mazzara's witnesses were located in Virginia. (Case No. 19-50339, ECF No. 38).

which was signed and dated by the state court judge. (ECF No. 42-1, Exh. A-3). The Warrant in Debt coversheet was attached to a document labeled "Attachment A." (*Id*.). Mazzara submitted "Attachment A" which recites the same facts and allegations as the Warrant in Debt. (ECF No. 42-1, Exh. A-3). The Chesterfield County General District Court did not include any other documents with its Judgment.  The Judgment became final on or around October 21, 2019. (*Id*. at ¶ 13).

After the Judgment was entered in state court, the Court lifted the abatement in this Adversary Proceeding and issued a new scheduling order. (ECF Nos. 18, 21). Thereafter, Mazzara filed his First Amended Complaint (ECF No. 23). On August 14, 2020, Plaintiff filed his MSJ arguing that the Judgment against Debtor entered in the Virginia Lawsuit is non-dischargeable under § 523(a)(6) due to applicability of either res judicata, collateral estoppel, or judicial estoppel.

**SUMMARY JUDGMENT STANDARD**

Bankruptcy Rule 7056 applies Rule 56(c) of the Federal Rules of Civil Procedure to adversary proceedings. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986). If summary judgment is appropriate, the Court may resolve the case as a matter of law. ***Celotex Corp.***, 477 U.S. at 323; ***Blackwell v. Barton***, 34 F.3d 298, 301 (5th Cir. 1994). The Fifth Circuit has stated "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon evidence before the court." ***James v. Sadler***, 909 F.2d 834, 837 (5th Cir. 1990) (citing ***Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586 (1986)).

To prevail on summary judgment, the moving party has the burden of showing the absence

4

of a genuine issue of material fact and the appropriateness of judgment as a matter of law. ***Union Planters Nat. Leasing v. Woods***, 687 F.2d 117 (5th Cir. 1982). Rule 56 contemplates a shifting burden. Once a properly supported motion for summary judgment is presented, "the nonmoving party must rebut with 'significant probative' evidence." ***Ferguson v. Nat. Broadcasting Co., Inc.***, 584 F.2d 111, 114 (5th Cir. 1978) (citations omitted). Summary judgment "cannot be supported solely on the ground that . . . [the nonmoving party] failed to respond." ***John v. State Board of La. (Bd. of Trustees for State Colleges and Universities)***, 757 F.2d 698, 709 (5th Cir. 1985). Where the movant has made a sufficient showing of the absence of a genuine issue of material facts, however, "mere [unsworn] allegations in the pleadings are insufficient to show a triable issue of fact." ***GHR Energy Corp. v. GHR Pipeline Corp. (In re GHR Energy Corp.)***, 62 B.R. 226, 231 (Bankr. S.D. Tex. 1986) (citing ***Golden Oil Co. v. Exxon Co.***, 543 F.2d 548 (5th Cir. 1976)). If the record "taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." ***LeMaire v. Louisiana***, 480 F.3d 383, 390 (5th Cir. 2007). When there is no genuine issue for trial, the Court should grant summary judgment. ***Id***.

## LEGAL ANALYSIS

### I. Res Judicata

Plaintiff argues that the Judgment has res judicata effects under Virginia law that are entitled to full faith and credit in this Court. In determining the preclusive effect of a state court order or judgment, the Court applies the issue preclusion rules of that state. ***King v. Huizar (In re Huizar)***, 609 B.R. 482, 489 (Bankr. W.D. Tex. 2019) (citing ***Marrese v. Am. Acad. of Orthopedic Surgeons***, 470 U.S. 373, 380 (1985)). Mazzara obtained the Judgment against Provencher in a Virginia state court. Therefore, the Court shall apply Virginia law on res judicata.

"Res judicata encompasses four preclusive effects, each conceptually distinct, which a final

personal judgment may have upon subsequent litigation. These are merger, direct estoppel, bar, and collateral estoppel." *Lee v. Spoden*, 776 S.E.2d 798, 804 (Va. 2015) (citing *Bates v. Devers*, 202 S.E.2d 917, 920 (Va. 1974)). These preclusive effects may, in turn, be divided into two categories: claim preclusion and issue preclusion. *Lee*, 776 S.E. at 803 (citation omitted). Plaintiff's MSJ provides that "res judicata" and "collateral estoppel" are the applicable legal principles here. (ECF No. 42, §§ A, B, and C). The substance of Plaintiff's MSJ, however, supports arguments for claim preclusion and issue preclusion. As such, the Court addresses the substance of each argument as it relates to the applicable type of res judicata under Virginia law.

### A.  Claim Preclusion

Plaintiff argues claim preclusion applies because the Judgment is a final judgment for the full relief requested in Mazzara's Bill of Particulars. Provencher's stipulation to the Judgment in state court did not preserve any issues for appeal or disclaim liability. As such, Mazzara argues that Provencher is "barred from prosecuting any . . .  subsequent civil action against [Mazzara] on any claim or cause of action that arises from that same conduct, transaction, or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit." (ECF No. 23, ¶ 23). Moreover, Mazzara contends the Chesterfield County General District Court has already adjudicated whether Provencher's actions were willful and malicious. Mazzara argues that—by conceding to liability and entry of Judgment in Chesterfield County General District Court—Provencher conceded liability for willful and malicious injury under § 523(a)(6) by committing defamation per se.

In Defendant's Response to MSJ, Provencher contends claim preclusion is inapplicable because the entry of the Judgment—a state court default judgment—cannot preclude this Court from ruling on the dischargeability claim in this case. According to Provencher, "Mazzara [might]

have met the burden for a Virginia libel[4] claim (albeit by default)—and that judgment may bar re-litigation in a Virginia court using Virginia law—but that [does not] make it claim preclusive for a § 523(a)(6) dischargeability claim . . . ." (ECF No. 50, pp. 8–9).  Provencher argues claim preclusion bars future litigation on the merits of a cause of action and precludes re-litigation of a claim, not the claim's underlying issues.

"Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Lee*, 776 S.E. at 803 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). Rule 1:6 of the Virginia Rules of Supreme Court governs claim preclusion under the doctrine of res judicata in Virginia. *Lee*, 776 S.E.2d at 804. In pertinent part, the Rule provides:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought.

Va. Sup. Ct. Rules, Rule 1:6(a).

The "same cause of action" requirement is defined in Rule 1:6 as claims for relief arising from the "same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit." Va. Sup. Ct. R. 1:6. Thus, the Virginia Supreme Court has stated that "[d]etermining which claims *should* have been brought in earlier litigation largely depends on which claims *could* have been brought." *Funny Guy, LLC v. Lecego, LLC*, 795 S.E.2d 887, 890 (Va. 2017) (quoting Kent Sinclair, Guide to Virginia Law & Equity Reform and Other Landmark Changes § 11.2, at 247) (emphases in

---

[4] Under Virginia law, defamation claims include libel and slander. *Tharpe v. Saunders*, 737 S.E.2d 890 (Va. 2013).

original). A bankruptcy court is the sole court with jurisdiction to try claims for nondischargeability of a debt under the Code. *See Brown v. Felsen*, 442 U.S. 127, 139 (1984) ("[W]e reject . . . the contention that res judicata applies . . . and we hold that the bankruptcy court is not confined to a review of the judgment and record in the prior state-court proceedings when considering the dischargeability of respondent's debt."); *see also Tomlinson v. Clem (In re Clem)*, 583 B.R. 329, 339 (Bankr. N.D. Tex. 2017) ("The United States Supreme Court, in *Brown v. Felsen*, held that the doctrine of res judicata (*i.e.,* claim preclusion) does *not* apply in bankruptcy dischargeability proceedings.") (emphasis in original). Mazzara could not have brought claims against Provencher in Virginia state court for nondischargeability of debt under § 523(a)(6). As such, Plaintiff is not entitled to summary judgment based on claim preclusion.

### B. Issue Preclusion/Collateral Estoppel

Issue preclusion—interchangeably referred to as collateral estoppel in Virginia Courts—"bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor*, 553 U.S. at 892 (quoting *New Hampshire*, 532 U.S. at 748). If proven, "collateral estoppel will preclude the litigation of a specific fact or issue that was decided in a prior final judgment which involved a different cause of action." *E.L. Hamm & Assoc. Inc. v. Sparrow (In re Sparrow)*, 306 B.R. 812, 825 (Bankr. E.D. Va. 2003) (citing *Brown v. Felsen*, 442 U.S. 127, 139 n. 10 (1979)). Under Virginia law, there are five elements necessary for collateral estoppel to apply. *TransDulles Center, Inc. v. Sharma*, 472 S.E.2d 274, 275 (Va. 1996). The elements are as follows: (1) the parties to the two proceedings are the same; (2) the factual issue sought to be litigated was actually litigated in the prior action; (3) the factual issue sought to be litigated was essential to the prior judgment; (4) the prior action resulted in a valid, final judgment

against the party sought to be precluded in the present action; and (5) mutuality between the parties. *Id*. Defendant has the burden of proving by a preponderance of the evidence that the elements of collateral estoppel have been established. ***Reid v. Ayscue***, 436 S.E.2d 439, 440 (Va. 1993) (citation omitted).

Plaintiff argues that collateral estoppel prohibits Defendant from re-litigating the issue of whether she acted willfully and maliciously in making defamatory statements against Mazzara. Plaintiff argues that all of the ***TransDulles*** factors have been met. In regard to whether the issues in the Virginia Lawsuit were actually litigated, Plaintiff argues that Defendant had a full and fair opportunity to litigate but voluntarily chose to eschew that opportunity and acknowledge liability based on the pleading. *See **Montana v. United States***, 440 U.S. 147, 153–54 (1999) (Collateral estoppel "[precludes] parties from contesting matters that they have had a full and fair opportunity litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.")

In response, Defendant contends that collateral estoppel cannot be applied because the lawsuit was not "actually litigated" as required by the Virginia Supreme Court in ***Transdulles***, 472 S.E. at 275. Defendant argues that the Judgment—which was a default judgment—consists of a one-page sheet of handwritten docket notes. There was no testimonial or documentary evidence provided in the Virginia Lawsuit. The Judgment did not include the state court's finding of facts or conclusions of law. Instead, the Judgment only includes an attached document titled "Attachment A" that is comprised of the same allegations set forth in the Bill of Particulars. (ECF No. 37, Exs. D1, D2). Defendant argues the Court must follow precedent set by the Fourth Circuit Court of Appeals, which held a default judgment entered without factual and legal support is not

9

subject to collateral estoppel because the lawsuit was not "actually litigated."[5]

Here, the parties in the Virginia Lawsuit and this adversary proceeding—Mazzara and Provencher—are the same. In addition, because the parties to this adversary proceeding are identical to those in the Virginia Lawsuit, mutuality is present.[6] The Virginia Lawsuit resulted in a valid, final judgment against Provencher. (ECF No. 42-1, Ex. A-3). Therefore, the remaining questions under the ***Transdulles*** factors are whether: (a) the factual issue was actually litigated in the Virginia Lawsuit; and (b) the factual issue sought to be litigated was essential to the prior judgment.

Plaintiff argues the issue of defamation was actually litigated because Defendant had a "full and fair opportunity" to litigate the Virginia Lawsuit but voluntarily chose to eschew that opportunity and acknowledge liability based on the pleadings. *See **Montana v. United States***, 440 U.S. 147 (1979) (Recognizing collateral estoppel is meant to "[preclude] parties from contesting matters that they have had a full and fair opportunity to litigate . . . ."). (ECF No. 42, ¶ 35). In response, Defendant argues the Judgment was a default judgment that was not actually litigated. Defendant further contends that the lack of testimony and documentary evidence, along with the state court's failure to make any findings of fact or conclusions of law, demonstrate that the Virginia Lawsuit was not actually litigated. In support, Defendant relies on two cases from the Fourth Circuit, ***In re Raynor*** and ***Capital Hauling v. Forbes***.

***Raynor*** analyzed whether a state court default judgment for fraud could be used as collateral estoppel in a dischargeability proceeding. ***M&M Transmissions, Inc. v. Raynor (In re***

---

[5] Provencher relies on ***M&M Transmissions, Inc. v. Raynor (In re Raynor)***, 922 F.2d 1146 (4th Cir. 2003) for this assertion.

[6] Mutuality means "a party is generally prevented from invoking the preclusive force of a judgment unless that party would have been bound had the prior litigation of the issue reached an opposite result." ***In re Sparrow***, 306 B.R. at 863 (citing ***TransDulles Center, Inc.***, 472 S.E.2d at 275) (citation omitted). In this case, Mazzara and Provencher are equally bound by the Judgment.

*Raynor*), 922 F.2d 1146 (4th Cir. 1991). In *Raynor*, the Fourth Circuit refused to give a default judgment issued in North Carolina collateral estoppel effect. *Id*. at 1149. Nevertheless, *Raynor* is inapposite because North Carolina law controlled that case, while Virginia law governs this case.[7] In *Transdulles*, the Virginia Supreme Court concluded that "Virginia law does not support a blanket exemption from the application of collateral estoppel in the case of a default judgment." 472 S.E.2d at 276. Stated differently, Virginia has "rejected the majority view stated in the Restatement that '[a] default judgment cannot be used for collateral estoppel purposes, because no issues are actually litigated." *Pahlavi v. Ansari (In re Ansari)*, 113 F.3d 17, 22 (4th Cir. 1997).

In *Capital Hauling v. Forbes*, the Fourth Circuit refused to enforce collateral estoppel under Virginia law in a case where a default judgment was entered in Virginia state court. The Fourth Circuit emphasized that "there [was] nothing in the record establishing that 'testimonial and documentary evidence was presented' in the state court proceeding, or that 'proof was presented' of any kind as to whether appellant committed fraud, or indeed that anything occurred at all at the state court trial other than entry of a money judgment." *Capital Hauling v. Forbes*, 75 F. App'x 170, 171 (4th Cir. 2003). *Capital Hauling* is an unpublished opinion that serves as persuasive authority. Instead, the Court defers to the reasoning in *Ansari*—a published Fourth Circuit Court of Appeals case—that directly addresses whether default judgments can be used for collateral estoppel purposes under Virginia law. 113 F.3d 17. In *Ansari*, the Fourth Circuit concluded that entry of a default judgment in a Virginia state court action did not prevent application of collateral estoppel. *Id*. at 21. The Fourth Circuit explained that—even though a default judgment was entered—the trial court determined correctly that the case was actually litigated for collateral estoppel purposes when "multiple depositions were taken, many documents

---

[7] Unlike in Virginia, North Carolina law follows the Restatement (Second) of Judgments, § 27, which provides that default judgments cannot support issue preclusion. *In re Raynor*, 922 F.2d at 1150.

were exchanged" and numerous hearings were held with the defendant present. *Id*.

"To determine whether an issue was actually litigated in the context of a default judgment, courts look to the proceedings leading up to the entry of the default judgment, as well as the judgment order itself." *Lewis v. Long*, 521 B.R. 745, 750 (W.D. Va. 2014) (citing *In re Bradley*, 478 B.R. 796, 802 (Bankr. E.D. Va. 2012)). Here, the proceedings leading to the entry of the default judgment support a finding that the case was actually litigated. Specifically, the Virginia Lawsuit—initiated before Provencher's chapter 7 filing—arose as litigation in state court. Provencher hired an attorney, made an appearance, and filed her Grounds of Defense. (ECF No. 42, ¶ 7). Pre-petition, Provencher filed two motions seeking dismissal of the Virginia Lawsuit in state court. (*Id*.). After Provencher filed for bankruptcy, Mazzara moved to the lift the automatic stay to allow the Virginia Lawsuit to resume in state court. Provencher attended the lift stay hearing and proffered testimony. Provencher was present in the courtroom when the Court lifted the automatic stay and informed the parties that they would need to litigate the defamation claim in Virginia state court. (Case No. 19-50339, ECF Nos. 34, 38). On September 30, 2019, Provencher, through her state court counsel, stipulated to liability at a hearing on a Motion to Compel Discovery held at the Chesterfield County General District Court. (ECF No. 42-1, Ex. A). Provencher did not appeal the Judgment. (*Id*. at ¶ 13). The culmination of these facts support a finding under *Transdulles* that the Virginia Lawsuit was actually litigated. 472 S.W.2d at 276.

Finally, Provencher argues collateral estoppel does not apply because the issues in the Virginia Lawsuit are not essential to this Adversary Proceeding. The Court disagrees. The substance of the complaint in the Virginia Lawsuit was Provencher's alleged defamation. Attachment A to the Judgment—the Judgment that Provencher fully stipulated to through her attorney—states, "Defendant is liable to Mazzara for the tort of defamation for each of the

defamatory statements." (ECF No. 37-1, Exh. A-3). The Judgment also provides for entry of "an award in the amount of $25,000.00 in compensatory and punitive damages, pre and post judgment interest at the current judgment rate, together with costs of this suit." (*Id.*). In this case, the Court is tasked with determining whether the facts giving rise to the Judgment against Provencher for defamation support a finding that the Judgment is nondischargeable under § 523(a)(6). As such, the "factual issue[s] existing in the present proceeding w[ere] a necessary part of the judgment in the prior proceeding." *Transdulles*, 472 S.E.2d at 275.

The Court concludes that collateral estoppel applies in this case. The Court also finds the dollar amount of the debt and the defamation claim are subject to res judicata. The state court record, however, was insufficient to conclude that Debtor's conduct was willful and malicious under § 523(a)(6). Moreover, Plaintiff's MSJ failed to include evidence to support that Debtor's actions support a claim under § 523(a)(6). In Virginia, defamation can be found without a finding of willful and malicious conduct.[8] The state court record did not provide a definitive ruling on Provencher's intent. As such, the Court must receive evidence of Provencher's intent, along with legal argument regarding whether the Judgment is nondischargeable under § 523(a)(6) for a willful and malicious injury based on the standard defined in *Kawaauhau v. Geiger*, 523 U.S. 57 (1998) and *Miller v. J.D. Abrams, Inc. (In re Miller)*, 156 F.3d 598 (5th Cir. 1998).

## II.    Judicial Estoppel

Mazzara argues judicial estoppel precludes Provencher from re-litigating issues determined in the Virginia Lawsuit. Mazzara contends that Provencher conceded to the Judgment

---

[8] The elements of defamation in Virginia are: "(1) publication of (2) an actionable statement with (3) the requisite intent." *Tharpe v. Saunders*, 737 S.E.2d 890, 892 (Va. 2013). The requisite intent standard varies on whether the plaintiff is a public or private figure. *Gazette, Inc. v. Harris*, 325 S.E.2d 713, 724–25 (Va. 1985). Public officials must allege actual malice to state a claim for defamation, while liability to private individuals arising from defamatory publications may be based upon negligence. *Id.* at 725.

based upon the pleadings despite having a full and fair opportunity to litigate. According to Mazzara, Provencher cannot adopt a contrary position than the one relied on by the state court judge when he entered Judgment in the Virginia Lawsuit. In response, Provencher contends judicial estoppel does not apply because Provencher has not testified in this Adversary Proceeding nor in the Virginia Lawsuit. Provencher asserts it is impossible to find that Provencher took a varying position to mislead the Court because the Adversary Proceeding and the Virginia Lawsuit are two separate lawsuits seeking relief on wholly different claims.

"Judicial estoppel forbids parties from assuming successive positions in course of a suit, or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other, or mutually contradictory." *Lofton Ridge, LLC v. Norfolk S. Ry. Co.*, 601 S.E.2d 648, 650 (Va. 2004) (citations and internal quotation marks omitted). The purpose of judicial estoppel is to protect the integrity of the judicial process. *Id*. Judicial estoppel is "an equitable doctrine [that is] not amenable to an 'exhaustive formula' for determining its applicability." *Virginia Elec. and Power Co. v. Norfolk S. Ry. Co.*, 683 S.E.2d 517, 527 (Va. 2009) (citation omitted). Under Virginia law, there are three prerequisites for application of judicial estoppel: (1) "the inconsistent or contradictory assertions must be assertions of fact, not law"; (2) "the parties must be the same if the inconsistent positions involve different proceedings"; and (3) "the prior inconsistent position must have been relied upon by the court or prior court in rendering its decision." *Id*.

Here, the Court acknowledges the parties are the same in this Adversary Proceeding and the Virginia Lawsuit. Mazzara, however, has not demonstrated that Provencher has put forth asserted facts in this case contradicting the "confessed" facts in the Judgment entered in the Virginia Lawsuit. The First Amended Complaint does not plead any facts describing Provencher's alleged behavior or intent to support a claim under § 523(a)(6). (ECF No. 23). Instead, the First

Amended Complaint argues the Judgment is nondischargeable because Provencher is barred from asserting any defenses to the Adversary Proceeding under "res judicata, collateral estoppel, the Rooker-Feldman doctrine, and other applicable theories." (*Id.* at ¶ 9). Provencher's Answer does not include any admissions or denials contradicting her prior factual positions in the Virginia Lawsuit. (ECF No. 7). As such, the Court finds summary judgment is denied as to judicial estoppel.

### CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's Motion for Summary Judgment on First Amended Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6) (ECF No. 42) is GRANTED IN PART and DENIED IN PART;

It is FURTHER ORDERED that the Court shall give preclusive effect to the dollar amount of the debt and the finding of defamation provided in the Judgment entered in the Chesterfield County General District Court on September 30, 2019;

It is FURTHER ORDERED that the Court must receive evidence of Defendant Donna Shute Provencher's intent, along with legal argument, to determine whether the Judgment is a nondischargeable debt under 11 U.S.C. § 523(a)(6); and

It is FURTHER ORDERED that all other relief requested in Plaintiff's Motion for Summary Judgment on First Amended Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6) (ECF No. 42) is DENIED

# # #